BILL BURKE *et al.*, Plaintiffs-Appellants, v. THE COUNTY OF HAMILTON *et al.*, Defendants-Appellees.

Fifth District   No. 5—88—0372

Opinion filed February 9, 1990.

James L. Van Winkle, of Van Winkle & Van Winkle, of McLeansboro, for appellants.

Wayne Morris, State's Attorney, of McLeansboro, for appellees.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiffs, Bill Burke, Kenneth Hunt, Juanita Hunt, Frank Compton, Robert Fechter, Kenneth Parsons, Darlene Parsons, Wilber G. Hasty, Avery. Rector, Mike Simpson, Hillis Stokes, Irby McGill, Glen Owen, Opal Owen, Earl Owen, Betty Fechter, Brenda Craddock, Wilber Hasty, Lavenue R. Webb, by and on behalf of the citizens and taxpayers of Hamilton County, Illinois, opposed to closing the county jail, appeal from an order of the circuit court of Hamilton County dismissing their complaint against defendants, County of Hamilton, Bill Warren, individually and as the sheriff of the County of Hamilton, and John Taylor, Mary Nipper and Don Woodrow, individually and as members of the County Board of Supervisors, and Richard Rubenacker and Glenn Miller, in their capacities as supervisors of the County Board of the County of Hamilton. In this cause, plaintiffs question whether a county board has the discretion, without providing an alternative jail

facility, to resolve and direct the county sheriff to close the current jail. Plaintiffs further question whether an action in *mandamus* will properly lie against the county board to compel continued operation and maintenance of the current jail. This court affirms.

In 1938, Hamilton County built a jail at the county courthouse. It was renovated in 1973. On March 7, 1986, pursuant to statute (Ill. Rev. Stat. 1985, ch. 75, par. 122), three citizens from the grand jury inspected the jail. They found it to be in satisfactory condition. On August 17, 1987, three citizens from the grand jury again found the conditions of the jail satisfactory. On January 16, 1986, however, the Illinois Department of Corrections inspected the jail and found it to be in noncompliance with the county jail standards promulgated by that Department. On July 16, 1987, the Department again inspected the jail. In addition to violating the jail standards, the jail was found to violate the State Fire Marshal's rules. During the 27 months between January 1986 and March 1988, the Hamilton County jail was not significantly changed either by improvement or deterioration.

On March 21, 1988, approximately 175 citizens and taxpayers of the county met at the courthouse to discuss alternatives to a jail building commission formed by the County Board of Supervisors (Board).

On March 22, 1988, a special meeting of the Board was called for March 24, 1988. At the special meeting, several plaintiffs appeared before the Board and requested they not close the jail. By a vote of 3 to 2, the Board resolved to close the jail as soon as this could be accomplished by the sheriff. The Board felt that continued operation of the jail was a liability to the county, the individual board members, and the sheriff. At the time the Board closed the jail, it did so without prior negotiation or efforts to obtain alternative facilities for housing the average of two prisoners per day. The Board had not entered into any contract for the joint operation of a jail nor had it authorized the sheriff to enter any such contract. Since the Board's action, the sheriff has been transporting prisoners to the jail facility in White County.

On March 28, 1988, plaintiffs filed this action against the Board and sheriff seeking an order of *mandamus* to compel continued operation of the jail. Plaintiffs also seek to enjoin the Board or sheriff from transporting prisoners to other facilities.

■ Section 26 of the powers and duties of county boards act (Ill. Rev. Stat. 1987, ch. 34, par. 432) provides that it is the duty of the Board to erect, provide and keep in repair a suitable county jail. This duty is reinforced by section 1 of the county jails act (Jails Act) (Ill. Rev. Stat. 1987, ch. 75, par. 101). The Jails Act provides that the Board can satisfy this requirement with a single jail facility jointly

maintained by two or more counties.

■■ ■ Plaintiffs question whether a county board has the discretion, without providing an alternative jail facility, to resolve and direct the county sheriff to close the current jail. To answer plaintiffs' question directly, the Board does not have the discretion, without providing an alternative jail facility, to resolve and direct the county sheriff to close the current jail. The Board has an absolute duty to provide a suitable jail. (*People ex rel. Bull v. Board of Supervisors of La Salle County* (1876), 84 Ill. 303; *Andrews v. Knox County* (1873), 70 Ill. 65, 69.) The General Assembly has provided, however, that the Board may discharge this duty jointly with another county. (Ill. Rev. Stat. 1987, ch. 75, par. 101.) In this case, the Hamilton County and White County boards are discharging this duty together.

The supreme court in *La Salle County* held:

"[T]he provision of the statute requiring the county board to furnish a jail may be regarded as mandatory *** yet, the kind of a jail to be provided must necessarily be left to the discretion of the board. *** [S]o far as these various matters of discretion are concerned, courts have no power to interfere." (*La Salle County*, 84 Ill. at 306-07.)

The manner in which the Board fulfills its duties is essentially a legislative and/or executive discretionary decision. It might be preferable to establish a more stable relationship such as a contract between White and Hamilton Counties; however, so long as the duty is being discharged, we will not interfere. As the Constitution of 1970 says, "[t]he legislative, executive and judicial branches are separate. No branch shall exercise powers properly belonging to another." (Ill. Const. 1970, art. II, §1.) So long as the Board fulfills its statutory duty, this court will not step into the dispute.

■ Plaintiffs next argue that an action in *mandamus* will properly lie against the Board to compel continued operation and maintenance of the current jail. *Mandamus* would only be appropriate if the Board failed to fulfill its legal duties. As we have found that the Board has fulfilled its duty, *mandamus* is inappropriate.

For the foregoing reasons, the order of the circuit court of Hamilton County is affirmed.

Affirmed.

RARICK and CHAPMAN, JJ., concur.